IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:99-cv-00175 |
| | ) | Judge Nixon |
| v. | ) | |
| | ) | |
| BEVERLY O. AYERS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court is Plaintiff United States of America's Motion to Vacate Judgment ("Plaintiff's Motion") (Doc No. 11) and supporting memorandum (Doc. No. 11-1). Plaintiff wishes to vacate the judgment previously entered against Defendant (Doc. No. 8) under Federal Rule of Civil Procedure 60(b) on the grounds that the underlying debt was discharged in bankruptcy prior to the judgment. (Doc. No. 11-1 at 1.)

Federal Rule of Civil Procedure 60(b) provides that a court may relieve a party from a final judgment for any reason that justifies relief, including mistake, newly discovered evidence, or prior discharge of the judgment. As a matter of law, a bankruptcy discharge operates as an injunction against commencement or continuation of an action, the employment of process, or an act to collect, recover or offset a debt as a personal liability of the bankrupt debtor. 11 U.S.C. § 524(a)(2). Therefore, recovery or collection of Defendant's debt was enjoined as a matter of law. Plaintiff asserts that it was unaware of the prior discharge in bankruptcy at the time that judgment was entered. (Doc. No. 11-1 at 1.)

The Court agrees that substantial justice necessitates that the Court vacate the judgment against Defendant. Accordingly, Plaintiff's Motion is **GRANTED** and the Default Judgment in the sum of $5,120.65 entered against Defendant on August 17, 1999 is **VACATED**.

It is so ORDERED.

Entered this 6th day of June, 2011.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT